Chief Justice Marshall
delivered the opinionjof the Court.
Lynn, an infant, suing by his next friend, brought this action of trespass, assault and battery against Bird, and Jouett and wife, and a joint verdict having been found against them, which the Court refused to set aside, they have appealed from the judgment rendered upon it.
The evidence authorized the jury to find that the plaintiff had been beaten by Bird, and no question is made affecting his case exclusively. There was no evidence directly implicating Jouett in the trespass, but his liability depends on that of his wife — and the only questions made in this Court relate to her liability. There was no proof that she was present at the commission of the trespass, and the jury was not authorized to find, and, as> we presume, did not find that she was. But although it is laid down that a married woman cannot be made a trespasser, by reason of her prior or subsequent assent, (1 Chitty’s Pl. 76,) this must be understood as applicable to her mere assent or ac^ quiescence, and not to her active agency in procuring or inciting the trespass.
The Court instructed the jury, in effect, that if Mrs. Jouett encouraged the trespass, either at the time or before, she was a party to it, and her husband was liable with her. As Mrs. Jouett was not present when the trespass was committed, the word encourage seems to be not sufficiently definite to express the true ground *423 of liability. If Mrs. Jouett had directed Bird to whip or beat the plaintiff, and he had done it in consequence, this would, undoubtedly, have been an encouragement of the trespass, which would make her a party. If she had said in Bird’s presence that the plaintiff was a bad boy and deserved a whipping, or that he had mistreated her, and she wished somebody would whip him, in consequence of which Bird had beaten him, this might, in some sense, have been deemed an encouragement of the trespass, and yet, unless she had used this language for the purpose or with the intention of inciting Bird to commit the act and of thus producing or procuring the trespass, we apprehend that Bird, though in fact committing the act, in consequence of what she had said, should be regarded as a mere-volunteer, and that she would not be a co-trespasser on the ground of having encouraged the trespass. To make Mrs. Jouett liable as having encouraged the trespass by words used on a prior occasion, those words must have had a direct relation to the trespass, and have been calculated and intended to produce it by stimulating or exciting some person hearing them to do the act or procure it to be done. If it were sufficient that the act was done in consequence of the words spoken, then one person might be made a trespasser and even a felon against his or her consent, and by the mere rashness or precipitancy or overheated zeal of another, and the mere expression of just anger or resentment, or the statement of a fact calculated to excite indignation against an individual, and to create an opinion or desire that he should be chastised, might make the party using such expressions or making the statement liable for the inconsiderate act of another. Under the operation of such a ■ principle, there would be no safety except in such universal caution and reserve as is neither to be expected nor desired.
To rentier a party liable for a trespass who was not present, such party niunltnowinglv and intentionally have encouraged its commission in a way calculated to cause it to be done.
*423 It appears in this case, that about ten months before the commission of the trespass, when the plaintiff with his father and family were living in the same house with Jouett and wife, the .plaintiff and Mrs. Jonett *424 had a quarrel near a tobacco house, when Mrs. Jouett picked up a tobacco stick and said, if the plaintiff did not quit his sauce towards her, she would either whip him or have it done. And on another occasion, a few days before the trespass, as the plaintiff was passing by Jouett’s house, Mrs. Jouett said to her husband that she would whip him, (the plaintiff,) and her husband said no, that if he came on the place again saucing her, he would do it himself. There is no proof of any other act or word of Mrs. Jouett relating to the subject, and it does not appear that Bird was present on either of the occasions referred to. It seems, however, that he resided at the house of Jouett when the trespass was committed; and he afterwards admitted, to a witness, that he had whipped the plaintiff, and said he did it because plaintiff was in the habit of saucing Mrs. Jouett. This statement, however, was not evidence against Jouett and wife; and even if it had been, although it would have shown that the trespass was committed in punishment of an actual or supposed injury to Mrs. Jouett, it would not have authorized the inference that she had intentionally caused or procured it. Nor is there, in our opinion, any ground in the other facts above stated, on which such an inference can be legitimately placed.
If then the instruction be understood as requiring some act or words on the part of Mrs. Jouett, which were intended to produce' the trespass, and did in fact produce it, we are of opinion that the verdict was not authorized by the evidence. But applying the instruction to the case actually before the jury, we are inclined to the opinion that it was misleading, and did in fact mislead the jury, by not presenting with sufficient distinctness the idea that to make Jouett and wife liable as trespassers by prior actions or words or encouragment, they must have been such as were calculated to produce the trespass, and used for that purpose, and as did cause it to be committed. They, or one of them, must have knowingly and intentionally encouraged the trespass, or neither was liable. In either view of the instruction a new trial should have been granted.
J, Sf W. L. Harlan for appellants; M. Brown for appellee.
Wherefore, the judgment is reversed, and the cause remanded for a new trial.